IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

BILLY JOE COLLINS,            )
                              )
            Petitioner,       )
                              )   1:17CV371
       v.                     )   1:07CR375-4
                              )
UNITED STATES OF AMERICA,     )
                              )
            Respondent.       )

## RECOMMENDATION AND ORDER
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a federal prisoner, has submitted a Motion for reconsideration pursuant to Fed. R. Civ. P. 60(b). In the Motion, Petitioner attacks his conviction or sentence rather than seeking to remedy a defect in the collateral review process or other non-merit aspect of the prior ruling on collateral review. He simply seeks to reargue the merits of the prior ruling either by raising old arguments or attempting new ones aimed at the merits of his case. The Motion for reconsideration therefore must be construed as a motion to vacate sentence under 28 U.S.C. § 2255. See Gonzalez v. Crosby, 545 U.S. 524 (2005); United States v. McRae, 793 F.3d 392 (4th Cir. 2015); United States v. Winestock, 340 F.3d 200 (4th Cir. 2003). As such, Petitioner's pleading is defective because he failed to file his claims on the proper § 2254 or 2255 forms. See Rules Governing Section 2254 Cases Rule 2(c) and Rules Governing Section 2255 Proceedings Rule 2(b).

There is no need to put Petitioner through the extra work of submitting his claims on the proper forms, however, because Court records reveal that Petitioner already challenged this conviction in a previous § 2255 action. [No. 1:11CV925] Therefore, the

present pleading should be dismissed for lack of jurisdiction because of Petitioner's failure to obtain permission from the Fourth Circuit for a second or successive § 2255 action, as is required by 28 U.S.C. § 2244 and 28 U.S.C. § 2255. See Winestock, 340 F.3d at 200.

IT IS THEREFORE ORDERED that the Clerk send Petitioner a copy of this Recommendation, instruction forms for filing § 2255 actions in this Court and Motions for Authorization in the court of appeals, and four copies of § 2255 forms (more copies will be sent on request). Petitioner should keep the original and two copies of the completed § 2255 forms which can be submitted in this Court if Petitioner obtains approval from the Fourth Circuit.

IT IS THEREFORE RECOMMENDED that Petitioner's "Rule 60(b)" motion be construed as an attempt by Petitioner to file a second or successive § 2255 action.

IT IS FURTHER RECOMMENDED that this action be dismissed due to Petitioner's failure to obtain certification from the Fourth Circuit as required by 28 U.S.C. §§ 2244 and 2255 and Fourth Circuit Local Rule 22(d).

This, the 27th day of April, 2017.

_____
Joe L. Webster
United States Magistrate Judge